UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ALIRIO QUINONES

v.  Case No.: 8:09-cv-1602-T-24-TGW
 8:98-cr-154-T-24-TGW

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Set Aside or Correct Sentence. (CV Doc. No.1; CR Doc. No. 654). The Government has filed a response in opposition. (CV Doc. No. 6). Petitioner did not file a reply brief. Because review of the motion, the response, and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will proceed to address the matter without a hearing.

**I. Background**

On September 4, 2002, a second superseding indictment was returned charging Petitioner and several others with various narcotics violations. (CR Doc. No. 198). Thereafter, on November 17, 2003, pursuant to a written plea agreement, Petitioner pled guilty to conspiracy to import five kilograms or more of cocaine into the United States and conspiracy to possess with intent to distribute five kilograms or more of cocaine. (CR Doc. No. 356, 365). On October 22, 2004, this Court sentenced Petitioner to a total term of 188 months imprisonment. (CR Doc. No. 529).

Petitioner did not appeal his sentence and conviction. Almost five years after he was sentenced, Petitioner filed the instant motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255.

## II. Motion to Vacate Sentence

In his motion, Petitioner argues that his conviction and sentence should be vacated because (1) his guilty plea is invalid; and (2) the Government breached its agreement to file a Rule 35 motion. However, as explained below, not only are these two arguments without merit, but also the § 2255 motion is untimely.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Jones v. United States, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner did not appeal his conviction, and as such, his conviction became final and the one-year limitations period began to run in 2004. As such, this motion is untimely.

Petitioner argues that the limitations period should be tolled, because he waited to file the § 2255 motion because the Government had promised to file a Rule 35 motion. This argument is unpersuasive, because Rule 35 motions do not toll the limitations period, and therefore, his decision to wait to file the § 2255 motion based on the Government's alleged promise to file a Rule 35 motion was not justified. See Peterson v. U.S., 2008 WL 4488909, at *1 (E.D. Mo. Oct. 1, 2008); Gregory v. U.S., 2008 WL 4980397, at *2 (W.D.N.C. Nov. 24, 2008).

Furthermore, while this Court recognizes that there may be circumstances when the limitations period for filing § 2255 motions can be equitably tolled, this is not a proper case. See Sandvik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Id. (citations omitted). This Court notes that equitable tolling is typically applied sparingly, and the burden is on Petitioner to show entitlement to this extraordinary remedy. See Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004). However, this Court finds that there are no extraordinary circumstances present in this case, and the timing of the filing of his §2255 motion was entirely within Petitioner's own control. As such, this motion must be denied as untimely.

### B. Merits

Even if Petitioner's § 2255 motion was not untimely, it would still be denied on the merits. As explained below, the Court rejects Petitioner's arguments that (1) his guilty plea is invalid; and (2) the Government breached its agreement to file a Rule 35 motion.

#### 1. Guilty Plea

In his first ground for relief, Petitioner argues that his conviction and sentence should be vacated because his guilty plea is invalid. Specifically, he argues that his guilty plea is invalid because it was taken by a magistrate judge without his knowing and voluntary consent and that his attorney should have objected to this. His argument, however, has no merit, as he signed a consent form to allow the magistrate judge to take his guilty plea. (CR Doc. No. 366). Additionally, at the guilty plea hearing, Petitioner was informed of his right to have his plea taken by a district judge, but he stated that he wanted his plea taken by the magistrate judge.

3

(CR Doc. No. 656, p. 3-4). As such, this Court finds that Petitioner has not met his burden of showing entitlement to relief under this ground.

## 2. Breach of Agreement to File Rule 35 Motion

In his second ground for relief, Petitioner argues that his conviction and sentence should be vacated because the Government breached its agreement to file a Rule 35 motion. Specifically, he argues that the Government promised to file a Rule 35 motion after he provided further cooperation, but the Government failed to file such a motion after he provided the cooperation. Therefore, Petitioner argues, the Government acted in bad faith in failing to file the promised Rule 35 motion.

In support of this contention, Petitioner points to the transcript of his sentencing. (CR Doc. No. 654). The transcript shows that prior to being sentenced, Petitioner provided valuable information to the Government. (CR Doc. No. 654, p. 29-30). The Government represented to the Court that the greater part of Petitioner's cooperation was not yet complete and that the Government intended to utilize Petitioner in the future. (CR Doc. No. 654, p. 38-37[1]). The Government further stated that it anticipated filing a Rule 35 motion after Petitioner cooperated further. (CR Doc. No. 654, p. 39).

The Government responds by pointing out that Petitioner's plea agreement contains the following statement regrading cooperation and Rule 35 motions:

> If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a [Rule 35] motion . . . . In any case, the defendant understands that the determination as to whether "substantial

---

[1]These pages were filed out of order.

> assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

(CR Doc. No. 356, p. 3-4). According to this provision in the plea agreement, two things are clear: (1) the decision as to whether the Government files a Rule 35 motion is solely within the Government's discretion; and (2) Petitioner has agreed not to challenge the Government's decision regarding whether it files a Rule 35 motion. Thus, Petitioner's motion is due to be denied based on the terms set forth in his plea agreement. See U.S. v. Mignott, 278 Fed. Appx. 997, 999 (11th Cir. 2008).

Furthermore, the Government points out that the decision as to whether to file a Rule 35 motion is within the Government's discretion and is not subject to review unless the decision is based on an unconstitutional motive. See Wade v. U.S., 504 U.S. 181, 185-86 (1992). Thus, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." Id. at 186.

Petitioner's only allegation of an unconstitutional motive by the Government is Petitioner's contention that another prisoner was treated more favorably than he was, and as such, the Government's decision not to file a Rule 35 motion in Petitioner's case is an equal protection violation. This allegation has no merit, as Petitioner provides little information regarding the other prisoner's cooperation or similarity to his situation, and the bare allegation that two prisoners were treated differently is not a sufficient basis for the Court to review the Government's decision not to file a Rule 35 motion. As such, this Court finds that Petitioner has not met his burden of showing entitlement to relief under this ground

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of December, 2009.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge